IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DECORNICK MOORE,

    Petitioner,

v.                                          No. 13-1176

UNITED STATES OF AMERICA,

    Respondent.

_____

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255,
DENYING CERTIFICATE OF APPEALABILITY
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL
_____

*INTRODUCTION*

Before the Court is the *pro se* 28 U.S.C. § 2255 motion of the Petitioner, Decornick Moore, to vacate, set aside or correct his sentence (the "Petition"). (D.E. 1.) Moore, Bureau of Prisons register number 24959-076, is an inmate at the Federal Correctional Institution in Memphis, Tennessee. For the reasons articulated herein, the Petition is DENIED.

*BACKGROUND*

A warrant was issued on January 23, 2012 for Petitioner's arrest pursuant to a criminal complaint entered in Case No. 1:12-cr-10016-JDB on charges of drug trafficking. (Case No. 1:12-10016-JDB, D.E. 1, 12.) After his arrest, he was charged in an indictment and two superseding indictments with conspiracy to traffic in marijuana, 280 grams of cocaine base and more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (*Id.*, D.E. 100, 299, 323.) He was also indicted in two other cases in this district, numbered 2:12-cr-20081 and 1:12-cr-10040, on charges of conspiracy to traffic in more than 500 grams of cocaine and of

cocaine trafficking. (Case No. 2:12-cr-20081, D.E. 3; Case No. 1:12-cr-10040, D.E. 1.) CJA Panel attorney Michael J. Stengel was appointed by the Court on June 11, 2012 to represent Moore. (Case No. 1:12-10016-JDB, D.E. 261.)

In a plea agreement entered into with the Government in early August 2012, the Petitioner agreed to plead guilty to the conspiracy charge described in Count One of the second superseding indictment in this case. (*Id.*, D.E. 343.) In return for the plea, the Government would dismiss counts against him in the other two cases in this district. The parties agreed that the correct range of imprisonment pursuant to the United States Sentencing Guidelines ("U.S.S.G.") was 140 to 175 months and that Petitioner should be held accountable for at least 1,000 kilograms but less than 3,000 of marijuana equivalent under U.S.S.G. § 2D1.1. The Government recommended a sentence of 140 months. Moore was allowed under the agreement to withdraw his plea in the event he was sentenced to a term above that amount.

At the change of plea hearing on August 9, 2012, the Court, Stengel and the Government were under the impression that the mandatory minimum sentence for Count One of the second superseding indictment was 120 months. In the presentence report (the "PSR") prepared on October 19, 2012, however, the mandatory minimum was calculated as sixty months with a maximum of 480 months. The guideline range recommended in the PSR was the same 140 to 175 month period referenced in the plea agreement and at the change of plea hearing. In his November 20, 2012, sentencing memorandum, Stengel argued for a sentence of eighty-four months. (*Id.*, D.E. 408.) In its position paper filed on November 21, 2012, the Government acknowledged that the correct statutory minimum sentence was sixty months, but argued that a sentence of 140 months was still appropriate. (*Id.*, D.E. 409.) In a hearing on November 26,

2012, the Court sentenced Moore to 140 months incarceration followed by four years of supervised release. (*Id.*, D.E. 412.)

*THE PETITION*

In his Petition, as supplemented,[1] Moore seeks relief for ineffective assistance of counsel based on the following:

1. . . . Defense Counsel, the Court and the AUSA individually and collectively misinformed him of the minimum and maximum punishment he faced at the time of his guilty plea [and that] said misinformation rendered his plea of guilty unknowing and involuntary. (D.E. 1-1 at 1.)

2. Counsel advised [Petitioner] if convicted after trial of the drug amount 1,000-3,000 kilograms of marijuana equivalent he would receive no less than 10 no[r] more than life if convicted. (D.E. 5 at 1.)

3. Counsel advised [Petitioner] if he persisted to withdraw plea after he learn[ed] offer of minimum and maximum he would get obstruction of justice and perjury charges brought up on him. (*Id.*)

4. Counsel advised [Petitioner] to get sentenced even though he rendered erroneous advi[c]e and that he (counsel) would testify in [Moore's] behalf . . . that he gave him erroneous and ineffective advice when negotiating the plea with him when it came to his 2255 relief after he requested to withdraw. (*Id.*)

5. Counsel failed to object to the rule 11 error from the court and AUSA of the minimum and maximum punishment I faced at my change of plea hearing[,] but instead agreed with them leading me to enter an involuntary and unknowing

---
[1] Pending before the Court is Moore's second motion to amend the Petition. (D.E. 12.) The motion is GRANTED and the supplement will be considered.

3

plea[] I would not have entered if I knew the correct information. (D.E. 12 at 1-2.)

## *LEGAL STANDARD*

Section 2255(a) provides that

> [a] prisoner in custody under sentence of a court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to succeed on a motion under the statute, a petitioner must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Shaw v. United States*, ___ F. App'x ___, 2015 WL 1296092, at *2 (6th Cir. Mar. 23, 2015) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).

## *ANALYSIS OF PETITIONER'S CLAIMS*

The essence of the Petition is that, in Moore's mind, Stengel led him into an involuntary guilty plea. The Sixth Amendment guarantees the effective assistance of counsel to criminal defendants. *Strickland v. Washington*, 466 U.S. 668, 684-85 (1984). "A defendant facing the possibility of incarceration has a Sixth Amendment right to counsel at all 'critical stages' of the criminal process, and a sentencing hearing is one type of 'critical stage' at which the right to counsel attaches." *McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012) (quoting *Benitez v. United* States, 521 F.3d 625, 630 (6th Cir. 2008)). In order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that "defense counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment and that defense counsel's deficient performance caused prejudice."

*Winborn v. United States*, ___ F. App'x ___, 2015 WL 1036160, at *2 (6th Cir. Mar. 11, 2015) (citing *Strickland*, 466 U.S. at 687) (some internal quotation marks omitted). "Unless the petitioner demonstrates both deficient performance and prejudice, it cannot be said that the conviction or sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Goward v. United States*, 569 F. App'x 408, 412 (6th Cir. 2014) (internal alterations & quotation marks omitted). A petitioner claiming ineffective assistance of counsel faces a heavy burden. *Pough v. United States*, 442 F.3d 959, 966 (6th Cir. 2006).

Because it is dispositive, the Court will focus only on the prejudice prong. *See Miller v. United* States, 561 F. App'x 485, 490 (6th Cir. 2014) ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice that course should be followed."). To demonstrate prejudice, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Delaine v. United States*, ___ F. App'x ___, 2015 WL 1136454, at *3 (6th Cir. Mar. 16, 2015) (quoting *Strickland*, 466 U.S. at 694). In the plea bargaining context, "the petitioner need only show a reasonable probability that he would have pleaded differently." *Christopher v. United States*, ___ F. App'x ___, 2015 WL 1501679, at *2 (6th Cir. Apr. 3, 2015) (quoting *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2003)) (internal quotation marks omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "It is not enough to show that the errors had some conceivable effect on the outcome of the proceeding." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (internal quotation marks omitted). "The likelihood of a different result must be substantial, not just conceivable." *Id.* at 112. "Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Ky.*, 559 U.S. 356, 371 (2010).

It is undisputed that the Petitioner was misinformed when he was advised the offense to which he pleaded guilty carried a ten-year rather than a five-year mandatory minimum sentence. Even if the Court were to assume that the misinformation constituted deficient performance on Stengel's part, however, in order to prevail on his § 2255 petition, Moore must establish that his ignorance of the correct mandatory minimum actually affected his decision to plead guilty. *See Burton v. United* States, Nos. 10-00179-CG-N, 12-0342-CG, 2014 WL 2435607, at *8 (S.D. Ala. May 29, 2014) (where habeas petitioner claimed ineffective assistance based on her ignorance of the correct mandatory minimum sentence at the time of her plea, "the applicable inquiry [was], very simply, whether [her] professed ignorance of the correct mandatory minimum actually affected her decision to plead guilty") (adopting report & recommendation).

Moore agreed as part of the plea, and has not since challenged, that the correct guideline range was 140 to 175 months. It was understood between the parties to the agreement that the Government would seek a sentence at the bottom of the guideline range. A statutory minimum of sixty months as opposed to 120 months had no effect whatever on the applicable range. Pursuant to the agreement, he stipulated to a drug quantity that gave him a base offense level of thirty-two for sentencing purposes and was aware the Government would recommend a full three-level reduction for acceptance of responsibility. Had he proceeded to trial, it is unlikely he would have received the reduction. Without the reduction, his guideline range would have been 188 to 235 months. As previously noted, in exchange for his guilty plea, the Government agreed to dismiss other charges against him.

There is nothing before the Court that supports Petitioner's assertion that he would have gone to trial if he had known the correct statutory minimum sentence. Rather, it is clear from the record that, notwithstanding the misinformation, Moore understood the likelihood that he would

receive a 140-month sentence. He pleaded guilty anyway. The Court finds the Petitioner has failed to establish a reasonable probability that he would have pleaded differently had he been aware of the correct mandatory minimum at the change of plea hearing. Absent a showing of prejudice, Moore has fallen short of demonstrating ineffective assistance of counsel.

*CONCLUSION*

Because the issues presented by Moore are meritless, they are DISMISSED. The Clerk of Court is DIRECTED to enter judgment for the United States.

*APPEAL ISSUES*

Twenty-eight U.S.C. § 2253 requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate. The COA must also indicate "which specific issue or issues satisfy" the required showing. 28 U.S.C. § 2253(c)(3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). A COA does not require a showing that the appeal will be successful. *Id.* at 337. Courts, however, should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (per curiam).

In this case, for the reasons previously stated, the issues raised by the Petitioner lack substantive merit and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure. *Id.* at 952. The Rule provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, the Rule also provides that, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

In this case, for the same reasons it denies a COA, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.[1]

IT IS SO ORDERED this 23rd day of April 2015.

                                        s/ J. DANIEL BREEN
                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[1] If Petitioner files a notice of appeal, he must also pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.